SUCCESSION OF MORALES *v.* KIECKOEFER ET AL.

APPEAL from the District Court of San Juan.

No. 654.—Decided June 24, 1911.

NULLITY OF CONTRACT—PREJUDICE TO PLAINTIFF.—In order that a plaintiff may be entitled to ask for the annulment of any contract, in which he is not bound either as principal or accessory, it is necessary for the complaint to show that he has been prejudiced by said contract.

ACTION OF EJECTMENT—CONJUGAL PROPERTY—LIQUIDATION OF CONJUGAL PARTNERSHIP.—The title of heir of one of the spouses in a conjugal partnership is not sufficient to recover ownership of one-half of the property which forms part of the estate of the conjugal partnership where a liquidation of the conjugal partnership has not been made, because until such liquidation has been made a surplus of one-half belonging to each of the spouses cannot be declared to exist.

Conjugal Partnership—Title of Spouses to Conjugal Properties—Coheirs.—Upon the dissolution of a marriage, a liquidation of the conjugal partnership should be made for the purpose of ascertaining whether or not any profits were obtained by said partnership, and half of the profits, if any, belong to each spouse, not by right of inheritance, but in their own right; and, for this reason, once the marriage has been dissolved the spouses are not coheirs, neither are the successors of the deceased partner coheirs of the surviving spouse.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellant.

*Mr. Manuel F. Rossy* for respondents.

Mr. Justice Aldrey delivered the opinion of the court.

The complaint in this case was filed in the District Court of San Juan on December 7, 1906, although it seems to have been amended, and substantially alleges:

That the plaintiffs are the heirs of Tomasa Morales, who survived her daughter, Valentina Berríos, whose property she inherited; that up to 1867 the latter lady was the wife of Alejandro Jourdan, when she died with capacity to make a will, in which she directed that in case her mother survived her she should be her heir; that during the married life of Jourdan with Mrs. Berríos the former purchased in the name of and for the conjugal partnership two properties, which to-day constitute the estate known as "San Antonio," situated in the town of Bayamón, and a description of which is given in the complaint; that subsequently Jourdan was married for the second time to Cecilia Adelaida Kieckoefer, whom he designated as his heir in the will which he left at his death; that the conjugal partnership of the first marriage of Jourdan has never been liquidated, notwithstanding the fact that for 15 years the plaintiffs having been making friendly attempts to effect a liquidation of that partnership; that after the death of his first wife Jourdan remained in possession of all the property of the conjugal partnership, Mrs. Kieckoefer doing likewise at the death of her husband, having afterwards, in 1889, recorded in the registry of property in her own name and by title of inheritance the property

known as "San Antonio"; that in 1901, the widow of Jourdan made a simulated conveyance of the property to Julio O. Abril, who in turn, in 1905, conveyed the property in the same manner to José T. Silva, all the parties intervening in such transactions being aware of the antecedents and history of that property and knowing that it did not belong to Mrs. Kieckoefer because they were partners of the commercial firm of J. T. Silva & Co., who were the attorneys in fact, administrators, and bankers of Mr. Jourdan, with whose business they were acquainted as well as with the condition of his interests during his two marriages; that in 1909 José T. Silva sold the property to Modesto Cobián, the deed setting forth that this complaint had been filed and that the interest of the first conjugal partner consisted of one-half of the property "San Antonio" as conjugal property, and of $3,000 which she had inherited from her father and brought to the marriage.

After making the above allegations and stating that the products of the undivided one-half of the property of the conjugal partnership, Jourdan-Berríos, belonging to the plaintiff Succession amounted to $10,000, they concluded with the following prayer:

That the three deeds mentioned be declared null, and that the record thereof in the registry of property be canceled; that Cecilia Adelaida Kieckoefer be declared to have obtained by inheritance from her husband only such properties as may appear to belong to him, once the amount contributed by Mrs. Berríos to the marriage, and the one-half of the conjugal property corresponding to her had been deducted; that the ownership of the amounts contributed and of the conjugal property be declared to belong to the plaintiff succession as inheritance from Valentina Berríos; that orders be given for the liquidation of the said conjugal property and for the record thereof in the name of the plaintiffs, and that the defendants be adjudged to indemnify them in the sum of $10,000 and costs.

Julio O. Abril, one of the several defendants, demurred to the complaint on the ground that the facts were not sufficient to constitute a cause of action; that the actions for a liquidation of the conjugal property, of dominion, for the recovery of money, and for the annulment of contracts, had prescribed, and upon the further ground that the complaint was ambiguous.

This demurrer was passed upon by the judge of the second section of said court, who sustained the ground of prescription of the action of ejectment, and on the same day, November 30, 1910, rendered judgment in favor of the defendant Abril, with costs against the plaintiffs. Said judgment was entered by the secretary of the court on the following day.

From this judgment the plaintiffs took an appeal to this Supreme Court.

The remedy sought in the complaint filed against the respondent, Julio O. Abril, is the annulment of the contracts in which he had intervention, but in order that the plaintiffs be entitled to ask for the annulment of said contracts, in which they are not bound either as principals or accessories, it is necessary that the complaint should show that they have been prejudiced by said contracts.

From the complaint we learn that neither in 1867, when Valentina Berríos died, nor at any time thereafter has a liquidation of her conjugal partnership with Alejandro Jourdan been made, for which reason it cannot be maintained that the plaintiffs, as heirs of Tomasa Morales, who was the heir of her daughter, Jourdan's first wife, have sufficient title upon which to recover one-half of the property "San Antonio," because a liquidation of the assets of the partnership not having been made a surplus of one-half belonging to each spouse cannot be declared to exist. (Decision of the Supreme Court of Spain of May 11, 1889.)

The law provides that in the absence of conjugal stipulations it shall be understood that the marriage was contracted under the laws governing conjugal partnerships, according to

which the husband and the wife, at the dissolution of the marriage, shall each take one-half of the profits or benefits obtained indiscriminately by either of the spouses during such marriage.

A marriage thus viewed being a partnership, once it is dissolved a liquidation thereof should be made in order to ascertain whether or not there were any profits and the amount thereof, and to distribute such profits among the partners or spouses; and the one-half of the profits thus acquired by each spouse (or his heirs) belongs to, and is acquired by them, not by right of inheritance, but in their own right.

For this reason once the marriage has been dissolved the spouses are not coheirs, and neither are the successors of the deceased spouse coheirs of the surviving spouse.

Therefore the plaintiffs lack sufficient title to recover dominion of one-half of the property ''San Antonio,'' and they are not and never have been coheirs to that property either with Alejandro Jourdan or his heiress.

As the liquidation of the conjugal partnership is necessary in order to ascertain whether or not there was any conjugal property, so long as that liquidation is not made it cannot be maintained that there was such property, and therefore the plaintiffs have no cause of action against Julio O. Abril to ask for the annulment of the sales made by him, because it cannot be stated positively that they were prejudiced thereby.

In a case quite similar to this one, the Supreme Court of Spain, in its judgment of March 1, 1894, in a suit brought by the heirs of a spouse against a purchaser of property acquired during the marriage, held that a mine acquired by the husband during the existence of the conjugal partnership, without setting forth the capacity under which he purchased it, as neither an inventory, accounting, partition, nor adjudication of the property left at the death of the plaintiff's mother was made, there was no possible way of considering the mine in question as part of the conjugal property, and therefore

whether or not it had been properly sold by the widower at a time when the conjugal partnership did not exist, for which reason judgment releasing the purchaser from liability does not infringe the law.

For the reasons stated the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.